ALAN L. FRANK LAW ASSOCIATES, P.C.
ALAN L. FRANK, ESQUIRE
Identification No. 34414
afrank@alflaw.net
135 Old York Rd.
Jenkintown, PA 19046
(215) 935-1000
Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBIN ALPERT a/k/a<br>ROBIN GORDON<br>111 N. Pompano Beach Blvd., Unit 1701<br>Pompano Beach, FL 33062 | : | Civil Action<br>Docket No.: |
| | : | |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| ABINGTON PAIN MEDICINE P.C.<br>115 Yorktown Plaza<br>Elkins Park, PA 19027 | : | COMPLAINT |
| | : | |
| and | : | |
| | : | |
| VINCENT J. THOMPSON, III, M.D.<br>901 Penn Street<br>Reef Building, Apt. 1704<br>Philadelphia, PA 19123 | : | |
| | : | |
| and | : | |
| | : | |
| PAUL EDWARD PARKER THOMPSON<br>901 Penn Street<br>Reef Building, Apt. 1704<br>Philadelphia, PA 19123 | : | |
| | : | |
| Defendants. | : | |

## COMPLAINT

Plaintiff, Robin Alpert a/k/a Robin Gordon, by and through her undersigned counsel,

Alan L. Frank, Esquire and the law firm of Alan L. Frank Law Associates, P.C., hereby files this

Complaint, and in support thereof, respectfully avers as follows:

## PARTIES

1.      Plaintiff, Robin Alpert a/k/a Robin Gordon (hereinafter "Robin Alpert"), is an

adult individual residing at 111 N. Pompano Beach Blvd., Unit 1701, Pompano Beach, FL

33062.

2.      Defendant, Abington Pain Medicine P.C. (hereinafter "Abington Pain Medicine"),

is a Pennsylvania professional corporation with a business address at 115 Yorktown Plaza,

Elkins Park, PA 19027.

3.      Defendant, Vincent J. Thompson, III, M.D. (hereinafter "Vincent Thompson"), is

an adult individual residing at 901 Penn Street, Reef Building, Apt. 1704, Philadelphia, PA

19123.

4.      Defendant, Paul Edward Parker Thompson (hereinafter "Paul Thompson"), is an

adult individual residing at 901 Penn Street, Reef Building, Apt. 1704, Philadelphia, PA 19123.

Paul Thompson is the spouse of Vincent Thompson.

## VENUE, JURISDICTION AND APPLICABLE LAW

5.      The Eastern District of Pennsylvania possesses subject matter jurisdiction under

28 U.S.C. § 1332 because the amount in controversy is in excess of $75,000 and there is

complete diversity of citizenship.

6.      Pursuant to Paragraph 12 of the Stock Purchase Agreement, jurisdiction and

applicable law lies "exclusively in the federal or state courts of the Commonwealth of

Pennsylvania…." (A true and correct copy has been attached hereto as Exhibit A, p.4 ¶12).

## STATEMENT OF FACTS

7.     This case arises out of a breach of a Stock Purchase Agreement and its accompanying documents that were entered into by and between Robin Alpert, Vincent Thompson, Paul Thompson and Abington Pain Medicine for which more than $400,000.00 remains due and owing.

8.     Abington Pain Medicine is a Professional Corporation that provides alternative pain medicine to its clients in the form of acupuncture, massage therapy and other forms of relief.

9.     Abington Pain Medicine was owned by Robin Alpert.

10.     On December 19, 2014, Robin Alpert ("Seller") entered into a Stock Purchase Agreement with Vincent Thompson ("Buyer"). The Stock Purchase Agreement provided that Vincent Thompson shall receive 100% of the common stock for Abington Pain Medicine in exchange for $250,000.00. (Ex. A).

11.     Specifically, the Stock Purchase Agreement provides that:

> Buyer shall pay the Purchase Price by delivering to Seller, at Closing, a Promissory Note (the "Note") in the principal amount of Two Hundred Fifty Thousand Dollars ($250,000.00)...." The Payment provisions of the Note shall provide for thirty-six (36) monthly payments commencing on June 14, 2017. Buyer's obligations under the Note shall be secured by a security Agreement executed by Buyer, Buyer's spouse and Corporation in favor of Seller (the "Security Agreement") in the form attached hereto....

(Ex. A, p.1 ¶2).

12.     The Secured Promissory Note provides that

> VINCENT J. THOMPSON, III, M.D., an individual, together with PAUL EDWARD PARKER THOMPSON, his spouse (collectively, "Maker") promise to pay to the order of Robin Alpert, an individual ("Holder")... the principal sum of TWO HUNDRED FIFTY THOUSAND FOLLARS AND ZERO CENTS ($250,000.00) with interest on the unpaid principal balance of this Secured Promissory Note.

3

(Ex. A) (emphasis in original).

13.     However, the Secured Promissory Note allows for the $250,000.00 to be

immediately due upon default and failure to perform in accordance with the Secured Promissory

Note.  Specifically, the Secured Promissory Note further provides that:

> DEFAULT.  At the election of Holder, the entire principal balance of this
> Note, and all accrued and unpaid interest hereon, shall become immediately
> due and payable upon the occurrence of any one or more of the following
> events of default (each, an "Event of Default"):
>
> . . .
>
> (b)     FAILURE TO PERFORM. Maker defaults in the performance
> of any other obligation imposed upon Maker or Corporation,
> respectfully in (i) this Note; or (ii) the Security Agreement; (iii) the
> Stock Purchase Agreement, (iv) the Seller Employment Agreement,
> and/or (v) the Gordon Employment Agreement, and Maker fails to, or
> fails to cause Corporation to, cure such default within thirty (30) days
> following the date on which Holder delivers to Maker a written notice
> describing such default....

(Ex. A, p.9 ¶5) (emphasis in original)

14.     In particular, the Employment Agreement that was entered into between Robin

Alpert and Abington Pain Medicine has been breached.

15.     The Employee Agreement specifies that the terms of employment shall begin on

June 19, 2015, and continue for the next twenty-four months. (Ex. A, p.24 ¶2).

16.     Robin Alpert was added to the payroll in January or February of 2015.

17.     In return for Robin Alpert's services, she would receive multiple forms of

compensation.  For example:

> 4.   **Compensation.**
>
> a)     For her services during each year of the Term hereof, Employee
> shall receive a Total Compensation Package (as hereinafter

4

defined) equal to fifty percent (50%) of Corporation's Net Revenue (as hereinafter defined).

...

c)    Employee shall be entitled to an annual base salary draw against her Total Compensation Package equal to Seventy-Two Thousand Dollars ($72,000.00) per year. The base salary draw shall be paid in monthly installments of Six Thousand Dollars ($6,000.00) per month. Employee's Total Compensation Package hereunder shall be reconciled on a quarterly basis.

(Ex. A, p.25 ¶4(a) and (c)) (emphasis in original)

18.    Robin Alpert is no longer receiving monthly installment payments as of about June 19, 2015. Robin Alpert has also not received her Total Compensation Package in full at the close of each quarter. As such, Robin Alpert has been terminated and Abington Pain Medicine is in breach of the Employment Agreement.

19.    Robin Alpert has also not received her severance payment in accordance with Paragraph 7(e) of the Employment Agreement.

20.    The Employment Agreement specifically states that:

(e)    _Severance_. If Employee's employment hereunder is terminated before the Term commences or during the initial 24-month Term of this Agreement for any reason other than termination by Employee without cause pursuant to _Section 7(d)_ above, Corporation shall pay to Employee a lump sum cash payment in the amount of $150,000.00 (the "Severance Payment"). The severance Payment shall be paid to Employee by Corporation within five (5) business days of Employee's last date of employment hereunder (or, if the Term has not yet commenced, within five (5) business days' notice of such termination).

(Ex. A, p.27 ¶7(e)) (emphasis in original).

21.    Many months have passed since Robin Alpert was terminated and the $150,000.00 is still due and owing. Most importantly, more than thirty days have passed since

the notice of default was delivered to each Defendant and the many breaches of the Employment have not been cured.

22.     Therefore, the Secured Promissory Note has been beached and the $250,000.00 is immediately due.

23.     In addition to the Stock Purchase Agreement and Employment Agreement, the parties entered into a Security Agreement. (Ex. A, p.16).

24.     The Security Agreement provides that:

> This Agreement (as amended, modified or supplemented from time to time, this "Agreement") is executed effective as of the 19th day of December, 2014 by VINCENT J. THOMPSON, III, M.D., an individual, and PAUL EDWARD PARKER THOMPSON, an individual (together, "Debtor") and ABINGTON PAIN MEDICINE, P.C. (the "Guarantor")…, in favor of Robin Alpert, an individual ("Secured Party").

> A.    … Secured Party has agreed to provide, and Debtor has agreed to accept, a term loan in the original principal amount of Two Hundred Fifty Thousand Dollars ($250,000.00) (the "Loan"), in connection with the purchase by Vincent J. Thompson, III, M.D. of one hundred percent (100%) of the Stock of Secured Party in Corporation in accordance with the terms and conditions of that certain Stock Purchase Agreement….

> …

> 1.    **Guaranty.    Guarantor irrevocably covenants and agrees to guaranty and become surety to Secured Party for the full complete and prompt payment and performance of all of Debtor's obligations under the Note and the Loan.    The guaranty and suretyship contained herein is absolute, unconditional and unlimited.**

(Ex. A, p.16 ¶A and 1) (underline and capitalization in original; bold emphasis added).

25.     Thus, Abington Pain Medicine is a Guarantor for Vincent Thompson and Paul Thompson's obligations.

26.     A notice of default letter was hand-delivered to all Defendants on November 25, 2015, which, in detail, described the breaches of the agreement and further asked that the breaches be cured within 30 days. (A true and correct copy has been attached hereto as Exhibit B)

27.     More than 30 days have passed since the notice of default letter was delivered and the breaches as described therein have not been cured.

28.     Therefore, Defendants Vincent Thompson, Edward Thompson and Abington Pain Medicine are all liable for the $250,000.00 that is now immediately due and owing.

## Count I
## Breach of Contract Against All Defendants

29.     Plaintiff, Robin Alpert, incorporates the foregoing paragraphs as if set forth at length herein.

30.     Vincent Thompson entered into a Stock Purchase Agreement with Robin Alpert.

31.     Pursuant to the Stock Purchase Agreement, Robin Alpert was to receive $250,000.00 in exchange for 100% of the stock for Abington Pain Medicine.

32.     Pursuant to the Stock Purchase Agreement, installment payments of $250,000.00 were set to begin on June 24, 2017.  However, the $250,000.00 total payment is immediately due upon default and failure to perform in accordance with the Secured Promissory Note.

33.     The Secured Promissory Note provides that the $250,000.00 total payment is enforced against Vincent Thompson and Paul Thompson, and can be immediately due upon a breach in the Employee Agreement, among other documents, if it is not cured within 30 days of notice.

7

34.    In accordance with the Employment Agreement, Robin Alpert's employment was terminated on or about June 19, 2015, and did not receive her $150,000.00 severance along with other compensation.

35.    More than 30 days have passed since all Defendants were provided with written notice of default that was not cured.

36.    Robin Alpert has performed all of her obligations pursuant to the Stock Purchase Agreement and its accompanying documents.

37.    As a result, Vincent Thompson and Paul Thompson are liable for the $250,000.00 that is due and owing.

38.    Defendant Abington Pain Medicine as a Guarantor, as stated in the Security Agreement, is liable for Vincent Thompson and Paul Thompson's obligations.

39.    Defendants are further responsible for 10% interest per annum on the unpaid portion of the Promissory Note plus all costs, including attorney's fees, incurred in enforcing Robin Alpert's rights pursuant to the Secured Promissory Note.

**WHEREFORE**, Plaintiff, Robin Alpert, respectfully requests that the Court enter judgment against Defendants Vincent J. Thompson, Paul Edward Parker Thompson and Abington Pain Medicine, P.C. for $250,000.00, plus interest, attorney's fees, costs and such other relief as may be appropriate.

## Count II
### Breach of Contract Against Vincent Thompson and Abington Pain Medicine

40.    Plaintiff, Robin Alpert, incorporates the foregoing paragraphs as if set forth at length herein.

41.    Robin Alpert entered into an Employment Agreement with Abington Pain Medicine.

8

42.    The Employment Agreement specifies that the terms of employment shall begin on June 19, 2015, and continue for the next 24 months.

43.    Robin Alpert was added to the payroll in January or February of 2015.

44.    In return for Robin Alpert's services, she would receive compensation.

45.    Robin Alpert was terminated on or about June 19, 2015, and has not received compensation that is rightfully due.

46.    Robin Alpert has also not received a severance payment of $150,000.00 that has not been paid within five days of being terminated.

47.    As a result, Abington Pain Medicine is in breach of the Employment Agreement.

48.    Vincent Thompson is personally responsible for payment under the PA Wage Payment and Collection Law.

**WHEREFORE,** Plaintiff, Robin Alpert, respectfully requests that the Court enter judgment against Defendants Vincent Thompson and Abington Pain Medicine, P.C. for compensation of $150,000.00 severance plus the 25% addition, attorney's fees, plus interest, costs and such other relief as may be appropriate.

**Count III**
**Unpaid Wages – Liquidated Damages Claim Against**
**Vincent Thompson and Abington Pain Medicine**

49.    Plaintiff, Robin Alpert, incorporates the foregoing paragraphs as if set forth at length herein.

50.    Plaintiff, Robin Alpert, was fired by Defendant, Abington Pain Medicine, on or about June 19, 2015.

51.    At the time of her firing by Defendant, Plaintiff was owed commissions by Defendant.

52.     At all times since Plaintiff's termination by Defendant, and despite Plaintiff's repeated demands upon Defendant to pay the commissions due, Defendant has and continues to refuse to make payment to Plaintiff.

53.     The commissions due Plaintiff by Defendant constitute wages under the Pennsylvania Wage Payment and Collection Law, *43 Pa. Cons. Stat. Ann. § 260.1*, and the action of Defendant constitutes a violation of the Pennsylvania Wage Payment and Collection Law.

54.     In accordance with *43 Pa. Cons. Stat. Ann. § 260.10*, in addition to the commissions, Plaintiff is entitled to liquidated damages in an amount equal to twenty-five percent of the wages due.

55.     In accordance with *43 Pa. Cons. Stat. Ann. § 260.9a(f)*, owing to Defendant's actions, Plaintiff is entitled to attorney's fees associated with this action.

56.     Vincent Thompson is personally responsible for payment under the PA Wage Payment and Collection Law.

**WHEREFORE**, Plaintiff, Robin Alpert, respectfully requests that this honorable court enter judgment in his favor and against Defendants Vincent Thompson and Abington Pain Medicine, P.C. jointly and severally, for the commissions owed, together with interest, costs and attorney's fees.

Respectfully submitted,

ALAN L. FRANK LAW ASSOCIATES, P.C.

By:

Alan L. Frank, Esquire
135 Old York Road
Jenkintown, PA 19046
P:(215)935-1000 / F:(215)935-1110
Email: afrank@alflaw.net
*Attorneys for Plaintiff*

Date:  January 4, 2016