IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBIN ALPERT, a/k/a | : | |
| ROBIN GORDON, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | No. 16-20 |
| ABINGTON PAIN MEDICINE, P.C., et al. | : | |
| Defendants. | : | |

**MEMORANDUM OPINION**

TIMOTHY R. RICE                                                                                          October 21, 2016
U.S. MAGISTRATE JUDGE

      Plaintiff Robin Gordon prevailed on a breach of contract claim related to her sale of, and subsequent employment in, Abington Pain Medicine, P.C.[1] That contract provides "collection costs" to the prevailing party, and Gordon has requested $2,027.15 in costs, $18,493.15 in pre-judgment interest, and $44,932.00 in attorney fees. Affidavit of Alan Frank (doc. 33) at 2. Defendants do not oppose Gordon's requested costs or pre-judgment interest, but contend the requested attorney fees are excessive because of the case's simplicity. Affidavit of Jonathan Marx (doc. 34) at 2.

      I grant in part and deny in part Gordon's request. I award Gordon $2,027.15 in costs, $18,493.15 in pre-judgment interest, and $35,242 in attorney fees.

      The Promissory Note signed by Defendants and Gordon requires Defendants to pay the attorney fees Gordon incurred enforcing her rights under the contract:

---

[1] In her Complaint, Plaintiff sought contract and statutory liquidated damages as well as fees and costs, bringing three claims against Defendants based on the Promissory Note, an Employment Agreement between the parties, as well as the Pennsylvania Wage Payment and Collections Law ("WPCL"), 43 P.S. § 260.1, et seq. Complaint (doc. 1), at 7-9.

> If any action is commenced to construe the terms and conditions of this Note or enforce the rights of [Gordon] hereunder, then the party prevailing in that action shall recover as part of the judgment its entire attorneys' fees and costs in that action as well as all costs and fees of enforcing any judgment entered therein.

Promissory Note, § 15.

Under Pennsylvania law, contracts are interpreted to carry out the parties' intent. Am. Eagle Outfitters v. Lyle & Scott Ltd., 584 F.3d 575, 587 (3d Cir. 2009). As long as the parties' intent to require payment of attorney fees is clear, those contract provisions are enforceable. NRFC Philmont Holdings, LLC v. AWeber Systems, Inc., No. 12-7019, 2014 WL 3844617, at *1-2 (E.D. Pa. Aug. 1, 2014). Nonetheless, courts have read an implicit reasonableness requirement into contractual attorney fee provisions, in part based on the prohibition against damages provisions that "act as penalties rather than liquidated damages." Republic First Bank v. 240/242 Franklin Ave LLC, No. 13-375, 2013 WL 664401, at *1 (E.D. Pa. Feb. 25, 2013).

Reasonableness is determined by considering the nature and importance of the litigation, the "labor, time and trouble involved," the litigation's stakes, the expertise required, the billing attorney's "standing in the profession," and "the pecuniary benefit derived from the success." Fabral, Inc. v. B&B Roofing Co., Inc., No. 09-279, 2011 WL 4528364, at *2 (E.D. Pa. Sept. 30, 2011) (citing Krueger Associates, Inc. v. ADT Security Systems, No. 93-1040, 2000 WL 10394, at *2 (E.D. Pa. Jan. 5, 2000)). Taking these factors into consideration, I determine the "lodestar," or the number of hours reasonably expended multiplied by a reasonable hourly rate. Hensley v. Eckerhart, 461 U.S. 424, 433 (1983).[2]

Defendants object to Gordon's request for attorney fees because: (1) the only deposition in this matter lasted less than two hours; (2) Gordon produced no documents; (3) Defendants

---

[2] Although Hensley addressed statutory attorney fees, the method of determining reasonable attorney fees is identical under Pennsylvania contract law. See, e.g., McMullen v. Kutz, 985 A.2d 769, 77 (Pa. 2009).

2

produced one 12-page set of bank records and a single page of text; and (4) the bench trial took one day. Marx Aff. at 2. In support of her request for attorney fees, Gordon submitted: (1) 12 pages of billing entries; (2) affidavits from the two attorneys who represented her, describing their credentials and experience; and (3) affidavits from two other lawyers attesting to the attorneys' credentials and the reasonableness of their billing rates. See Billing records attached as Exhibit A to Frank Aff. (doc. 33-1), at 2-14; Rates Aff. (doc. 37) at 1-7.

Defendants do not contest the billing rates Gordon proposes. Frank Aff. at 3. The only record evidence therefore supports the rates, and I must accept their reasonableness. Dee v. Borough of Dunmore, 548 F. App'x 58, 62 (3d Cir. 2013).

Defendants, however, have made four objections with respect to the number of hours spent on the litigation. Marx Aff. at 2. To determine whether the number of hours Gordon's attorneys spent is reasonable, I review each of these objections in turn. Dee, 548 F. App'x at 61.

1. With respect to the single deposition in the case that lasted less than two hours, Alan Frank billed two hours for preparation and attendance. Billing Records, at 10. This is not excessive.

2. With respect to Gordon's failure to produce any documents, Mr. Jordan Frank billed 1.2 hours responding to Defendants' Request for Production of Documents. Id. Because responding to a document request requires both communication with clients and drafting, this is not excessive.

3. With respect to the limited number of documents Defendants produced, I am able to find only three billing entries that include time spent reviewing documents before trial preparation began. Id. at 2. Because reviewing documents was only part of the work described in billing entries that total 4.2 hours, this also is not excessive. Id.

4.  With respect to time spent on the trial itself, it is impossible to identify precisely when trial preparation began.  However, from the time counsel began drafting pretrial memoranda until the end of trial, the Frank firm billed 30.6 hours, 11 of which were travel to and attendance at the trial itself.  Id. at 10-12.  This also is not excessive.

Upon review of the billing records, however, there are two entries that are unreasonable.  Although Gordon's attorneys spent 1.3 hours drafting a Confession of Judgment, this has not yet been filed and did not contribute to the resolution of this case.  Id. at 4.  Because those 1.3 hours of attorney time billed at $300/hour were not in furtherance of this litigation, I will reduce the lodestar amount of $44,932 by $390, to $44,542.  In addition, during trial, an attorney from the Frank firm spent 1.4 hours delivering copies of documents, charging $350/hour for this work.  Id. at 12.  These documents were not used at trial, and there was no reason to use a $350/hour attorney to do work that could have been accomplished by others.  I will therefore reduce the lodestar amount by another $490, to $44,052.

The award should also reflect the litigation's success.  Fabral, Inc., 2011 WL 4528364, at *2.  The Promissory Note limits recovery to "the party prevailing in that action," Promissory Note, § 15, and courts regularly reduce attorney fee awards when mixed results make it difficult to firmly establish the "prevailing party."  See Addie v. Kjaer, Nos. 14-4265, 14-4395, 2016 WL 4651379, at *7 (3d Cir. Sept. 7, 2016) (citing, inter alia, Lucerne Inv. Co. v. Estate Belvedere, Inc., 411 F.2d 1205, 1207 (3d Cir. 1969).  Although Gordon brought two related contract claims as well as a WPCL claim against Defendants, she was successful on only one of those claims.

Bringing the two additional claims required different arguments, different proof, and a more complex analysis than would have been required of the more simple case that was ultimately proven.  For instance, Gordon's attorneys researched the WPCL claims, Billing

4

Records at 2, spent additional time drafting the Complaint, id. at 3-4, prepared and responded to discovery requests of a greater scope, id. at 5-7, addressed additional facts and issues during trial and trial preparation, id. at 10-11, and drafted more extensive proposed Findings of Fact and Conclusion of law, id. at 11-13.  In order to take into account Gordon's degree of success, I reduce her lodestar further by 20%, to $35,242.  Addie, 2016 WL 4651379, at *8.

     An appropriate Order follows.